## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NORA DUNN, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **Case No.: 2:23-cv-00871-RDP** |
| | } | |
| CARTER MANUEL, et al., | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

### MEMORANDUM OPINION AND ORDER

Before the court are two motions to dismiss filed by Defendants Metcalf Realty Company, Inc. ("Metcalf") and Pawnee Condominium Association ("Pawnee"). (Docs. # 13, 28). For the reasons discussed below, the motions are **DENIED**.

### BACKGROUND

Based on alleged violations of the Fair Housing Act ("FHA") and federal common law, Plaintiff brings this cause of action claiming that Defendants discriminated against her because of her "hoarding disorder". (Docs. # 18 at 1; 29 at 1). Plaintiff brings this lawsuit against five Defendants: Sharon Hydinger as the personal representative of the deceased property owner; Pawnee as the homeowner's association; and Metcalf, RMI Realty Group ("RMI") and Carter Manuel ("Manuel") as the property managers.

There were three motions to dismiss filed that relate to Plaintiff's original complaint: one by Metcalf (Doc. # 13), one by Manuel and RMI (Doc. # 15), and one by Pawnee (Doc. # 28). Defendant Hydinger filed an answer rather than a motion to dismiss. (Doc. # 17). In response to Defendants' motions to dismiss, Plaintiff filed two responses: one addressing the motions filed by Metcalf, Manuel, and RMI (Doc. # 18) and one addressing the motion filed by Pawnee (Doc. #

29). On January 26, 2024, the parties filed a stipulation of dismissal, dismissing Manuel and RMI as defendants. (Doc. # 32). On February 8, 2024, the court dismissed Manuel and RMI from this case and terminated their pending motion. (Doc. # 35). Therefore, the only motions to dismiss pending before the court are the two filed by Defendants Metcalf and Pawnee.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

## DISCUSSION

While Defendants filed separate motions, they generally raise the same arguments. Defendants argue that the complaint is due to be dismissed for failure to state a claim. In addition, Defendant Metcalf argues that Plaintiff's claims are barred by Alabama's Abatement Statute.[1]

For the reasons explained below, the court finds that the Complaint is a shotgun pleading that must be amended for Plaintiff's claims to proceed.

### I.    Shotgun Pleading

A district court has the inherent authority to dismiss an original complaint sua sponte for failure to comply with Federal Rules of Civil Procedure 8 and 10. *Novero v. Duke Energy*, 753 F. App'x 759, 764-65 (11th Cir. 2018). "A complaint that fails to comply with Rules 8 and 10 may

---

[1] In its Reply Brief, Metcalf conceded that the argument based on Alabama's Abatement Statute is due to be denied. (Doc. # 19 at 8).

be classified as a 'shotgun pleading.'" *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). While there is no precise formula as to what constitutes a "shotgun" pleading, a complaint falls within this category if it: (a) includes multiple counts that each adopt the allegations of all preceding counts; (b) contains "conclusory, vague, and immaterial facts" unconnected to a particular cause of action; (c) fails to divide different claims into separate counts; or (d) alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322-23.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The key question in deciding whether a pleading is deemed "shotgun" is not whether a complaint fits into an identified category, but rather whether it includes enough information to allow a defendant and the court to "readily determine" if it states a plausible claim for relief. *Id.* at 1326.

Even in the absence of a motion, a court faced with a shotgun pleading has the inherent authority to sua sponte demand repleader of such a complaint pursuant to Rule 12(e). *See Wagner*

*v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). Indeed, the Eleventh Circuit strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case – even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

In the Complaint, Plaintiff alleges four counts against five Defendants, "incorporat[ing] every antecedent allegation by reference into each subsequent claim for relief." *Wagner*, 464 F.3d at 1279. Specifically, Plaintiff starts each count with the following sentence: "Plaintiff Dunn incorporates by reference paragraphs one through [previous paragraph number] as if fully set out herein." (Doc. # 1). In addition, Plaintiff fails to specify which Defendants are responsible for the alleged acts in each count, referring to Defendants as a collective with no delineation. Plaintiff appears to be suing certain Defendants under vicarious liability, while claiming others were directly involved; however, she appears to combine both forms of liability in each count. Finally, Plaintiff has failed to clarify under which law she brings Counts Two and Three. Although Plaintiff includes certain FHA provisions in Counts One and Four, she merely states that Defendants are liable for retaliation in Count Two and for a hostile environment in Count Three without specifying under which authority she brings her claims.

The court concludes that Plaintiff's Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Therefore, Plaintiff must file an amended complaint that complies with the requirements of Rule 8 and Rule 10 if she wishes to proceed with her claims in this matter.

## **CONCLUSION**

For the reasons discussed above, Metcalf's Motion to Dismiss (Doc. # 13) and Pawnee's Motion to Dismiss (Doc. # 28) are **DENIED**.

Within twenty-one **(21) days** from the date of entry of this Order, Plaintiff **SHALL** draft an amended complaint that (1) complies with Federal Rules of Civil Procedure 8 and 10 and (2) states a plausible claim for relief against each Defendant named. Once the amended complaint has been drafted, Plaintiff **SHALL** provide Defendants with a copy of the draft amended complaint. **Within seven (7) days** from submitting the draft amended complaint, the parties **SHALL** meet and confer to discuss whether Defendants are able to assert any relevant defenses or move to dismiss for failure to state a claim based on the draft amended complaint. **Within seven (7) days** from the meet and confer between the parties, Plaintiff **SHALL** file her amended complaint with the court.

**DONE** and **ORDERED** this February 26, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE